FILED & ENTERED

JUL 17 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY vandenst DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

Matthew F. Gallagher
Melissa A. Gallagher,

                                    Debtors.

Case No.: 2:12-bk-10213-NB

CHAPTER 13

**MEMORANDUM DECISION DENYING ORAL MOTION FOR RECONSIDERATION REGARDING CONFIRMATION**

Date:         June 28, 2012
Time:         10:00 a.m.
Courtroom: 1545

At the above-referenced date and time counsel for the debtors (the "Gallaghers")
and counsel for the party objecting to confirmation of the proposed chapter 13 plans
both appeared and were provided with a copy of the Memorandum Decision Sustaining
Objections To Confirmation Of Chapter 13 Plan (subsequently entered as docket no.
43) (the "Non-Confirmation Decision").  After counsel had an opportunity to review the
Non-Confirmation Decision the matter was called a second time and the Gallaghers'
counsel engaged in oral argument.  That oral argument was treated as an oral motion
for relief under Rules 9023 and 9024, Fed. R. Bankr. P. (the "Motion for
Reconsideration").  For the reasons set forth below that oral Motion for Reconsideration

-1-

1  will be denied by separate order.

2  **I.        DISCUSSION**

3          The Gallaghers argue that there are various violations of the Trust Agreement,

4  dated as of July 1, 2006, which governs the securities issued in connection with the pool

5  of deeds of trust to which the Gallaghers' deed of trust belongs (the "Trust Agreement")

6  (dkt. 21, Ex. 6).  Specifically, they argue that under the Trust Agreement, and under the

7  tax regulations governing securitizations of this type (real estate mortgage investment

8  conduits or "REMICs"), the documents purporting to transfer their particular deed of

9  trust into the pool of deeds of trust were executed too late, and therefore the transfer

10 purportedly was ineffective and movant lacks standing and is not the real party in

11 interest.

12         The Non-Confirmation Decision (at 14:5-13) rules that the Gallaghers have not

13 established standing to object to any alleged violation of the Trust Agreement.  The oral

14 Motion for Reconsideration asserts that to the contrary the Gallaghers do have standing

15 under *Miller v. Wells Fargo Bank*, 2012 WL 194598 (N.D. Cal.); *Johnson v. HSBC Bank*

16 *USA, N.A.,* 2012 WL 928433 (S.D. Cal.); and *Vogan v. Wells Fargo Bank, N.A.,* 2011

17 WL 5826016 (E.D. Cal.).

18         Those cases are distinguishable.  In *Miller* there was a colorable concern that

19 "someone other than [the creditor seeking to foreclose] has the true authority to

20 foreclose" because the party on whose behalf MERS was purporting to act (Fremont)

21 "no longer existed" as of the date when MERS executed the assignment document –

22 *i.e.,* MERS' power to act arguably might have terminated because it was a "nominee" or

23 agent and its principal (Fremont) had ceased to exist.  *Miller*, 2012 WL 194598 at *1 &

24 *3.  No such facts are presented in this case, and in any event, although *Miller*

25 temporarily enjoined creditor in that case from foreclosing, it specifically noted that in

26 future proceedings the creditor was free to argue that "there is in fact no problem with

27 the chain of ownership."  *Id.* at *4 (penultimate paragraph).  *See also Herrera v. Fed.*

28 *Nat'l Mtg. Assn.,* __ Cal.App.4th __ (5/17/2012) (rejecting argument that MERS "could

1    not assign IndyMac's interest since IndyMac had dissolved").

2         In the next case, *Johnson*, it is true that one of the borrower's arguments was

3    similar to the Gallaghers' arguments.  The borrower in that case claimed that the

4    assignment of the deed of trust from MERS to another creditor (HSBC) "was fraudulent,

5    in part because the assignment was executed after the closing date of the trust, which

6    violates the Pooling and Servicing Agreement."  *Johnson*, 2012 WL 928433 at *1.  But

7    *Johnson*'s stated basis for denying the creditor's motion to dismiss that claim was that

8    the creditor "has not sufficiently demonstrated that violations of law associated with the

9    loan's securitization can go *unchecked* …."  *Id.* at *3 (emphasis added).  No such

10   concerns are present in this case:  the Gallaghers allege a violation of *tax* laws and

11   there is no reason to be concerned that tax law violations will go "unchecked":  if any tax

12   laws were violated, the appropriate tax authorities can seek appropriate redress.

13        In the last case cited by the Gallaghers, *Vogan*, it is also true that the borrowers

14   pointed to an alleged violation of securitization documents.  But that case involved very

15   different facts.  The creditor (Wells Fargo) allegedly told the borrowers that they

16   qualified for a loan modification "so long as they were in default for at least three

17   months" and it was "only after they defaulted in order to qualify that Wells Fargo

18   allegedly informed them that their loan was owned by an investor that did not engage in

19   mortgage modification."  *Vogan*, 2011 WL 5826016 at *1.  In that context (when Wells

20   Fargo itself apparently was confused about when the assignment occurred, and what its

21   effect might be) the securitization documents supported a "plausible inference" that

22   some part of the assignment had been "fabricated."  *Id.* at *7.  No such facts have been

23   alleged in this case.

24        In sum, supposing for the sake of discussion that there were any violation of the

25   Trust Agreement or associated tax laws, such purported violations might harm the

26   holders of the mortgage backed securities but not the Gallaghers.  Because the

27   Gallaghers have not shown how they would be harmed, they lack both Constitutional

28   and prudential standing and they are not the real parties in interest to assert any such

1 | violations.

2 | **II.    CONCLUSION**

3 |       The Gallaghers complain about purported violations of the Trust Agreement, to

4 | which they are not parties, and associated tax laws, which are of no concern to them.

5 | They have no standing to make these claims, which appear to be nothing but a

6 | smokescreen.  As noted in the Non-Confirmation Decision, the Gallaghers have

7 | proposed two chapter 13 plans that would let them ignore twenty five months or more of

8 | missed mortgage payments.  Those plans are unconfirmable.  The oral Motion for

9 | Reconsideration will be DENIED by separate order.

10 |                       ###

26 | DATED: July 17, 2012

_____
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): MEMORANDUM DECISION
DENYING ORAL MOTION FOR RECONSIDERATION REGARDING CONFIRMATION
was entered on the date indicated as "Entered" on the first page of this judgment or order and will be
served in the manner stated below:

**1.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling
General Orders and LBRs, the foregoing document was served on the following persons by the court via
NEF and hyperlink to the judgment or order. As of 7/16/12, the following persons are currently on the
Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission
at the email addresses stated below.

Jared D Bissell     ecfcacb@piteduncan.com
Michael E Clark     notices@blclaw.com, ecf@blclaw.com;borowitzclark1@gmail.com
Kathy A Dockery (TR)     efiling@CH13LA.com
Shannon A Doyle     sdoyle@blclaw.com, ecf@blclaw.com;notices@blclaw.com;
borowitzclark1@gmail.com

☐  Service information continued on attached page

**2.   SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this
judgment or order was sent by United States mail, first class, postage prepaid, to the following persons
and/or entities at the addresses indicated below:

Matthew F Gallagher
6334 W 80th Pl
Los Angeles, CA 90045

Melissa A Gallagher
6334 W 80th Pl
Los Angeles, CA 90045

☐  Service information continued on attached page

**3.   TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment
or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete
copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email
and file a proof of service of the entered order on the following persons and/or entities at the addresses,
facsimile transmission numbers, and/or email addresses stated below:

☐  Service information continued on attached page